UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JODI CHESHIRE, as next friend for V.C., her minor daughter, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:16-CV-539-JRG-DCP |
| RAY LINCOLN HEAD, II, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Strike Answer of Defendant Ray Lincoln Head II as Inadequate [Doc. 39]. Defendant did not respond to Plaintiff's Motion, and the time for doing so has expired. The Court, however, has considered Plaintiff's request and finds the request not well taken. Accordingly, for the reasons further explained below, Plaintiff's Motion [**Doc. 39**] is **DENIED**.

## I. POSITIONS OF THE PARTIES

In her Motion, Plaintiff states that she filed her Amended Complaint on October 17, 2016, and that the Amended Complaint contains fifty-three (53) enumerated paragraphs of allegations and includes two distinct causes of action. Plaintiff submits that Defendant filed his Answer to the Amended Complaint on November 7, 2016, and that Defendant's entire response to the allegations of the Amended Complaint states as follows: "I, Ray Lincoln Head II, plead not guilty to the allegations set against me in, United States District Court, Eastern District of Tennessee,

No. 3:16-CV-539-JRG-CCS."[1]  Plaintiff argues that Defendant Head's Answer amounts to a general denial and that he cannot in good faith deny many of the allegations in the Amended Complaint.  Plaintiff requests that the Court strike Defendant's Answer as inadequate and allow her to request a default judgment against Defendant.

Defendant did not file a response to the Motion.

**II.   ANALYSIS**

As an initial matter, and as noted above, the Court observes that Defendant has not responded to the instant Motion, and the time for doing so has expired.  *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").[2]

Despite the lack of opposition, however, the Court finds Plaintiff's requests to strike Defendant's Answer and allow her to seek a default judgment not well taken.  First, Plaintiff acknowledges that pursuant to Federal Rule of Civil Procedure 8, a defendant is permitted to file a general denial.  The Court is mindful that Defendant is proceeding pro se and that a "pro se pleading must be construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (other citations omitted).  In addition, the Court observes that Plaintiff's Motion was filed approximately fourteen months after Defendant filed his Answer.  *See* Fed. R. Civ. P. 12(f) (explaining that a court may strike from a pleading an insufficient defense on a motion made by a party within 21 days after being served with the pleading).  Plaintiff fails to explain why she waited over a year to file the instant request.

---

[1] This case was reassigned to the undersigned on February 12, 2018.

[2] The Court observes that after filing the Motion, Plaintiff filed an Amended Certificate of Service [Doc. 40], explaining that Defendant was served on January 22, 2018.

The Court further finds Plaintiff's request to allow her to seek a default judgment against Defendant Head unwarranted. *See United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (explaining that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases"). The Court notes that Plaintiff offers no explanation or legal support for her request to seek a default judgment against Defendant. Further, although Plaintiff's Motion is unclear as to how she intends to seek a default judgment, the Court observes that the Clerk has not entered an entry of default against Defendant Head, which "is a prerequisite to entry of a default judgment under [Federal Rule of Civil Procedure] Rule 55(b)." *See Ramada Franchise Sys., Inc. v. Baroda Enterprises*, *LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (citing *Systems Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985)). Pursuant to Rule 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." To the contrary, Plaintiff acknowledges Defendant filed an Answer, and it appears Defendant has also responded to discovery. [Doc. 18 at 3]. Accordingly, the Court finds Plaintiff's request not well taken.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** Plaintiff's Motion to Strike Answer of Defendant Ray Lincoln Head II as Inadequate [**Doc. 39**].

**IT IS SO ORDERED.**

                    ENTER:

                    */s/ Debra C. Poplin*
                    Debra C. Poplin
                    United States Magistrate Judge